IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO ERNESTO UMANA, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-17-1421 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and fifty-year sentence for aggravated sexual assault. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 17).

Having reviewed the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

A jury found petitioner guilty of aggravated sexual assault in Harris County, Texas, on February 22, 2013, and assessed punishment at fifty years' incarceration. The conviction was affirmed on appeal on August 26, 2014, *Umana v. State*, 447 S.W.3d 346 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd), and discretionary review was refused on March

4, 2015. Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals on August 10, 2016.

Petitioner filed the instant federal habeas petition on or about May 4, 2017, raising the following claims for relief:

1. His pretrial statement was involuntary.

2. Trial counsel was ineffective in not raising an insanity defense.

3. His pretrial statement was improperly admitted.

4. Trial counsel was ineffective in not filing a motion to suppress.

Respondent argues that these claims should be dismissed as barred by the applicable AEDPA one-year statute of limitations.

## II. STATUTE OF LIMITATIONS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

The Texas Court of Criminal Appeals refused discretionary review on March 4, 2015, and petitioner did not seek a writ of certiorari. For purposes of the AEDPA statute of limitations, petitioner's conviction became final ninety days later, on June 2, 2015. *See Jimenez v. Quarterman*, 555 U.S. 113, 686 (2009). Limitations expired one year later on June 2, 2016, absent statutory or equitable tolling.

Petitioner's application for state habeas relief was filed with the trial court on May 2, 2016, one month prior to expiration of limitations, and was denied by the Texas Court of Criminal Appeals on August 10, 2016. Consequently, petitioner's federal habeas petition was due thirty days later, on September 9, 2016. However, petitioner did not file the instant habeas petition until May 4, 2017, approximately eight months after expiration of the one-year limitation.

In his response to the motion for summary judgment, petitioner asserts entitlement to equitable tolling. The federal limitation period may be tolled equitably, but only when the petitioner shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Here, petitioner claims that he did not receive notice until April 26, 2017, that his application for state habeas relief had been denied on August 10, 2016, some 259 days after the fact.[1] Long delays in receiving notice of state court action may warrant equitable tolling. To warrant tolling under such circumstances, however, a petitioner must show that he pursued the habeas corpus process with diligence and alacrity both before and after receiving an untimely notification. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Thus, to warrant equitable tolling in this case, petitioner must show that he has been exercising reasonable due diligence in pursuing his rights throughout all phases of the habeas proceedings. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Here, the record shows an additional 425-day delay between the time discretionary review was refused (March 4, 2015) and the date petitioner filed his application for state habeas relief (May 2, 2016). As a result of his lengthy delay in filing an application for state habeas relief, petitioner had only 30 days remaining on the one-year statute of limitations for filing his federal petition. Public records for the Texas Court of Criminal Appeals do not reflect any

---

[1] In his federal habeas petition, petitioner states that he received the notice on May 3, 2017, not April 26, 2017. (Docket Entry No. 1, p. 9.) Petitioner proffers no explanation for this discrepancy in his pleadings.

4

further filings by petitioner in that proceeding following the court's refusal of discretionary review on March 4, 2015.

In an attempt to explain his 425-day delay in seeking state habeas relief, petitioner stated the following in his response: "The fact of the matter is Petitioner is a prisoner who is a layman at law and is forced under Texas law to raise his [ineffective assistance of counsel] claims for the first time on a writ of habeas corpus without the assistance of an attorney." He further complained that his ability to access library materials was impeded by unit lockdowns and staff shortages. Neither petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391–392 (5th Cir. 1999) (holding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"). Nor does petitioner establish with any detail how intermittent prison lockdowns or staff shortages over a 425-day period of time prevented his timely filing.

Petitioner also argues that his lack of counsel on state collateral review constituted a state-created impediment under *Evitts v. Lucey*, 469 U.S. 387, 396–99 (1985). His argument is without legal support. *Evitts* did not mandate appointment of counsel for state collateral review in non-capital cases, and no state-created impediment is shown.

Petitioner's 425-day delay in pursuing his habeas rights does not exemplify the exercise of reasonable due diligence, nor does he show that any extraordinary circumstances stood in his way. Petitioner fails to establish entitlement to equitable tolling, and his federal habeas claims are barred by limitations. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (holding that party seeking equitable tolling has the burden of showing entitlement to such tolling).

## III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the ⁄2 day of February, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE